David Kennison*
dkennison@bairdholm.com
Scott P. Moore
spmoore@bairdholm.com
BAIRD HOLM LLP
1700 Farman Street, Suite 1500
Omaha, NE 68102
Telephone:  402.636.8268
(*admitted pro hac vice)

Attorneys for Defendant
UNION PACIFIC RAILROAD COMPANY

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Brasier,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>UNION PACIFIC RAILROAD COMPANY,<br><br>　　　　Defendant. | Case No. 4:21-cv-00065-MSA<br><br>**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT** |

Defendant Union Pacific Railroad Company ("Union Pacific" or "Defendant") hereby answers the Amended Complaint filed by Plaintiff Mark Brasier ("Plaintiff" or "Brasier") (Filing No. 13) with the following responses numbered to correspond with the numbered paragraphs of the Amended Complaint. Union Pacific denies each and every allegation of Plaintiff's Amended Complaint not expressly admitted below.

In response to the introductory paragraph in Plaintiff's Amended Complaint, Union Pacific admits that Plaintiff purports to assert claims and seek relief under the Americans with Disabilities Act as amended ("ADA"), but denies that Plaintiff is entitled to any relief and denies all remaining factual and legal allegations in the introductory paragraph of the

Amended Complaint.

## PRELIMINARY STATEMENT

1. Union Pacific admits that in or around early 2014, it made changes to its Medical Rules. Union Pacific admits that as part of its Medical Rules, Dispatchers and employees in Operating Department field positions, Telecom employees, and Supply Department field employees must report specified Reportable Health Events to Union Pacific's Health and Medical Services department so that a necessary and independent evaluation can be performed to determine if the employee can safely perform his/her job. Union Pacific denies the remaining allegations in Paragraph 1 of the Complaint's PRELIMINARY STATEMENT section.

2. Union Pacific admits the allegations in Paragraph 2 of the Complaint's PRELIMINARY STATEMENT section.

3. Union Pacific admits that Plaintiff underwent a Fitness-for-Duty evaluation. Union Pacific denies the remaining allegations in Paragraph 3 of the Complaint's PRELIMINARY STATEMENT section.

## JURISDICTION AND VENUE

4. Union Pacific admits this Court has subject matter jurisdiction over claims brought under the ADA pursuant to 28 U.S.C. § 1331, but denies the remaining allegations in Paragraph 4 of the Complaint's JURISDICTION AND VENUE section.

5. Union Pacific admits that venue is proper, but denies the remaining allegations in Paragraph 5 of the Complaint's JURISDICTION AND VENUE section.

6. Union Pacific admits that venue is proper, but denies the remaining allegations in Paragraph 6 of the Complaint's JURISDICTION AND VENUE section.

## THE PARTIES

7. Union Pacific admits that Plaintiff was employed by Union Pacific but is without sufficient information to admit or deny the remaining allegations in Paragraph 7 of the Complaint's THE PARTIES section and therefore denies them.

8. Union Pacific admits the allegations in Paragraph 8 of the Complaint's THE PARTIES section.

## FACTUAL ALLEGATIONS

### *UNION PACIFIC'S FITNESS-FOR-DUTY POLICIES AND PRACTICES*

9. Union Pacific admits that Plaintiff has identified Union Pacific's Medical Rules, but denies any interpretation of the attached Exhibit A, which speaks for itself. Union Pacific denies the remaining allegations in Paragraph 9 of the Complaint's FACTUAL ALLEGATIONS section.

10. Union Pacific admits the allegations in Paragraph 10 of the Complaint's FACTUAL ALLEGATIONS section, including the quoted language from Exhibit A.

11. Union Pacific admits that the Fitness-for-Duty process is triggered if Union Pacific learns that an employee in a position to which the Reportable Health Events policy applies has, or has had in the past, one or more of the Reportable Health Events. Union Pacific denies the remaining allegations in Paragraph 11 of the First Amended Complaint's FACTUAL ALLEGATIONS section.

12. Union Pacific admits that Plaintiff has accurately quoted the attached Exhibit A, but denies any interpretation of the same because the document speaks for itself. Union Pacific denies the remaining allegations in Paragraph 12 of the Complaint's FACTUAL ALLEGATIONS section.

13. Union Pacific denies the allegations in Paragraph 13 of the Complaint's FACTUAL ALLEGATIONS section.

14. Union Pacific denies the allegations in Paragraph 14 of the Complaint's FACTUAL ALLEGATIONS section.

15. Union Pacific denies the allegations in Paragraph 15 of the Complaint's FACTUAL ALLEGATIONS section.

16. Union Pacific denies the allegations in Paragraph 16 of the Complaint's FACTUAL ALLEGATIONS section.

17. Union Pacific denies the allegations in Paragraph 17 of the Complaint's FACTUAL ALLEGATIONS section.

18. Union Pacific denies the allegations in Paragraph 18 of the Complaint's FACTUAL ALLEGATIONS section.

### PLAINTIFF MARK BRASIER

19. Union Pacific admits the allegations in Paragraph 19 of the Complaint's FACTUAL ALLEGATIONS section.

20. Union Pacific admits that Plaintiff most recently worked as an Engineer and Conductor in Tucson, Arizona. Union Pacific denies the remaining allegations of Paragraph 20 of the Complaint's FACTUAL ALLEGATIONS section.

21. Union Pacific admits that Plaintiff underwent surgery, but is without sufficient information to admit or deny whether the tumor was "benign," and therefore denies remaining allegations in Paragraph 21 of the Complaints FACTUAL ALLEGATIONS section.

22. Union Pacific admits that Plaintiff underwent surgery but is without sufficient

information to admit or deny whether it was "successful," and therefore denies that allegation. Union Pacific admits the remaining allegations in Paragraph 22 of the Complaint's FACTUAL ALLEGATIONS section.

23. Union Pacific admits that it requested relevant medical records from Plaintiff as part of the Fitness-for-Duty review. Union Pacific denies the remaining allegations in Paragraph 23 of the Complaint's FACTUAL ALLEGATIONS section.

24. Union Pacific admits the allegations in Paragraph 24 of the Complaint's FACTUAL ALLEGATIONS section.

25. Union Pacific admits that Plaintiff was subject to functional work restrictions, but denies that they were "permanent" and denies the remaining allegations in Paragraph 25 of the Complaint's FACTUAL ALLEGATIONS section.

26. Union Pacific admits that Plaintiff was subject to functional work restrictions, but denies that they were "permanent." Union Pacific admits that the Plaintiff's functional work restrictions interfered with the essential functions of his job and could not be accommodated.

27. Union Pacific admits the allegations in Paragraph 27 of the Complaint's FACTUAL ALLEGATIONS section.

28. Union Pacific denies the allegations in Paragraph 28 of the Complaint's FACTUAL ALLEGATIONS section.

29. Union Pacific denies the allegations in Paragraph 29 of the Complaint's FACTUAL ALLEGATIONS section.

30. Union Pacific denies the allegations in Paragraph 30 of the Complaint's FACTUAL ALLEGATIONS section.

31. Union Pacific admits that Plaintiff filed a charge on April 10, 2020, but denies that it was "timely." Union Pacific admits the remaining allegations in Paragraph 31 of the Complaint's FACTUAL ALLEGATIONS section.

32. Union Pacific admits the allegations in Paragraph 32 of the Complaint's FACTUAL ALLEGATIONS section.

33. Paragraph 33 of the Complaint's FACTUAL ALLEGATIONS section contains legal conclusions to which no response is required. To the extent a response is necessary, Union Pacific denies the allegations in Paragraph 33.

34. Union Pacific admits that a class action was certified for a class of "individuals who have been or will be subject to a fitness-for-duty examination as a result of a reportable health event" after September 18, 2014 and that the class certification was reversed by the Eighth Circuit Court of Appeals on March 24, 2020. Union Pacific denies that "this court" certified the class action. Union Pacific denies the remaining allegations in Paragraph 34 of the Complaint's FACTUAL ALLEGATIONS section.

35. Paragraph 35 of the Complaint's FACTUAL ALLEGATIONS section contains legal conclusions to which no response is required. To the extent a response is necessary, Union Pacific denies the allegations in Paragraph 35.

## CAUSES OF ACTION

## COUNT I

## DISABILITY DISCRIMINATION, IN VIOLATION OF THE ADA

36. Union Pacific denies the allegations in Paragraph 36 of the Complaint's CAUSES OF ACTION section.

37. Union Pacific denies the allegations in Paragraph 37 of the Complaint's

CAUSES OF ACTION section.

38. The allegations in Paragraph 38 of the Complaint's CAUSES OF ACTION section are legal conclusions to which no response is required.

39. Union Pacific denies the allegations in Paragraph 39 of the Complaint's CAUSES OF ACTION section.

40. Union Pacific denies the allegations in Paragraph 40 of the Complaint's CAUSES OF ACTION section.

41. Union Pacific denies the allegations in Paragraph 41 of the Complaint's CAUSES OF ACTION section.

## COUNT II

## UNLAWFUL SCREENING, IN VIOLATION OF THE ADA

42. Union Pacific denies the allegations in Paragraph 42 of the Complaint's CAUSES OF ACTION section.

43. Union Pacific denies the allegations in Paragraph 43 of the Complaint's CAUSES OF ACTION section.

44. The allegations in Paragraph 44 of the Complaint's CAUSES OF ACTION section are legal conclusions to which no response is required.

45. The allegations in Paragraph 45 of the Complaint's CAUSES OF ACTION section are legal conclusions to which no response is required.

46. Union Pacific denies the allegations in Paragraph 46 of the Complaint's CAUSES OF ACTION section.

47. Union Pacific denies the allegations in Paragraph 47 of the Complaint's CAUSES OF ACTION section.

48. Union Pacific denies the allegations in Paragraph 48 of the Complaint's CAUSES OF ACTION section.

## COUNT III

## FAILURE TO ACCOMMODATE, IN VIOLATION OF THE ADA

49. Union Pacific denies the allegations in Paragraph 49 of the Complaint's CAUSES OF ACTION section.

50. Union Pacific denies the allegations in Paragraph 50 of the Complaint's CAUSES OF ACTION section.

51. The allegations in Paragraph 51 of the Complaint's CAUSES OF ACTION section are legal conclusions to which no response is required.

52. The allegations in Paragraph 52 of the Complaint's CAUSES OF ACTION section are legal conclusions to which no response is required.

53. Union Pacific denies the allegations in Paragraph 53 of the Complaint's CAUSES OF ACTION section.

54. Union Pacific denies the allegations in Paragraph 54 of the Complaint's CAUSES OF ACTION section.

55. Union Pacific denies the allegations in Paragraph 55 of the Complaint's CAUSES OF ACTION section.

## PRAYER FOR RELIEF

Union Pacific denies the allegations contained in Plaintiff's PRAYER FOR RELIEF sections and denies the Plaintiff is entitled to any relief, including that listed in Paragraphs 1 through 9 of this section.

## UNION PACIFIC'S AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof on any elements that already legally belong to the Plaintiff, Union Pacific asserts the following Affirmative and other Defenses:

1. The Amended Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to comply with the jurisdictional, procedural, and administrative prerequisites for filing this action.

3. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

4. Plaintiff's averred damages must be reduced, in whole or in part, to the extent that Defendant discovers after-acquired evidence for which Plaintiff would have been terminated or not hired.

5. Some or all of the damages asserted in the Complaint are barred to the extent that Plaintiff has failed to mitigate his damages.

6. Plaintiff's claims are barred, in whole or in part, under the doctrines of waiver, estoppel, ratification, laches, preemption, forfeiture and/or unclean hands.

7. Plaintiff's claims are barred, in whole or in part, because Defendant had policies in place prohibiting discrimination, harassment, and other alleged wrongful conduct during Plaintiff's tenure, Defendant distributed and/or made these policies available to Plaintiff, and Plaintiff unreasonably failed to avail himself of the protections of these policies or to otherwise avoid harm.

8. Defendant has made good faith efforts to prevent discrimination in its workplace and cannot be liable for decisions of its agents, if any, or for punitive damages, to the extent the challenged employment decision was contrary to its good faith efforts to

comply with anti-discrimination statutes.

9. Any accommodation requested or that might have been necessary for Plaintiff because of an alleged disability was unreasonable and/or would have imposed an undue hardship on Defendant.

10. Plaintiff is not entitled to recover any compensatory or punitive damages because neither Defendant, nor any of its officers, directors, managing agents, or employees, committed any knowing, wanton, intentional, recklessly indifferent, or malicious act, and because Defendant did not authorize or ratify any such act.

11. If Plaintiff establishes by a preponderance of the evidence that Defendant's actions toward Plaintiff were based on an unlawful motive, Defendant would have taken the same action despite any such unlawful motive.

12. Plaintiff posed a direct threat to health and safety of himself and/or others that could not be eliminated by reasonable accommodation.

13. To the extent the Defendant made a disability-related inquiry, sought medical information, or required a medical examination of the Plaintiff during his employment, such inquiry or examination was job-related and consistent with business necessity.

14. To the extent the Defendant applied qualification standards to the position in question and such standards screen out, or tend to screen out, qualified individuals on the basis of disability, such standards are job related for the position in question and consistent with business necessity.

15. To the extent the Defendant applied safety-based qualification standards to the position in question and such standards screen out, or tend to screen out, qualified individuals on the basis of disability, such standards were necessary to eliminate a

significant risk to the health or safety of the Plaintiff and/or others and the risk could not have been eliminated or reduced by a reasonable accommodation.

Defendant reserves the right to assert additional affirmative defenses or defenses of which it becomes knowledgeable during the course of discovery.

## PRAYER FOR RELIEF

Wherefore, having fully answered and responded to the allegations contained in Plaintiff's Complaint, Defendant hereby prays that:

1. Plaintiff's claims be dismissed with prejudice in their entirety;

2. Each and every prayer for relief in Plaintiff's Amended Complaint be denied;

3. Judgment be entered in favor of Defendant;

4. All costs, including reasonable attorney's fees be awarded to Defendant and against Plaintiff under applicable law; and

5. Defendant be granted such other and further relief as this Court may deem just and proper.

Respectfully submitted this 7th day of May, 2021.

*/s/ David P. Kennison*
David P. Kennison
Scott P. Moore
BAIRD HOLM LLP
1700 Farnam Street, Suite 1500
Omaha, NE 68102
T: (402) 636.8268
F: (402) 344.0588
spmoore@bairdholm.com
dkennison@bairdholm.com

**Counsel for Defendant**

UNION PACIFIC RAILROAD COMPANY'S ANSWER TO PL.'S COMPLAINT

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 7, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant(s):

James H. Kaster
David E. Schlesinger
Lucas J. Kaster
NICHOLS KASTER, PLLP
4700 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
kaster@nka.com
schlesinger@nka.com
lkaster@nka.com

Anthony S. Petru
Gavin Barney
HILDEBRAND MCLEOD & NELSON, LLP
250 Frank H. Ogawa Plaza, 4th Floor
Oakland, CA 94612
petru@hmnlaw.com
barney@hmnlaw.com

Attorneys for Plaintiff

/s/ David P. Kennison

DOCS/2633461.1