Baird Holm LLP
Scott Parrish Moore
David P. Kennison
1700 Farnam Street, Suite 1500
Omaha, NE 68102-2068
Telephone: 402-344-0500
Facsimile:  402-344-0588
spmoore@bairdholm.com
dkennison@bairdholm.com

Attorneys for Defendant
UNION PACIFIC RAILROAD COMPANY

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Brasier, | Case No. 4:21-cv-00065-MSA |
| Plaintiff, | |
| v. | **DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS (FRCP 12(B)(6))** |
| Union Pacific Railroad Company, | |
| Defendant. | |

## I.       LOCAL RULE 12.1(c) CERTIFICATION

On April 12, 2021, counsel for Defendant and counsel for Plaintiff discussed the issues asserted in this motion.  Counsel for the parties conferred but were unable to agree on resolution without the Court's intervention.

## II.       INTRODUCTION

Plaintiff Mark Brasier ("Brasier") alleges that in September 2016, his employer, Union Pacific Railroad Company ("Union Pacific"), violated the Americans with Disabilities Act ("ADA") by failing to provide him with a reasonable accommodation for his claimed disability. (Filing No. 13, Amended Complaint, Count III; Complaint ¶ 26).

Almost three-and-a-half years later, on April 10 2020, Brasier filed his charge of discrimination with the Equal Employment Opportunity Commission. (Filing No. 13, Amended Complaint ¶ 31). Because Brasier's failure-to-accommodate claim was not tolled and the delay was not otherwise excused, it should be dismissed.

## III.   STANDARD OF REVIEW

A complaint must include a "short and plain statement ... showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  While Rule 8 does not require in-depth factual allegations, it does require more than "labels[,] conclusions, [or] a formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  There must be sufficient "factual content [to] allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

When reviewing a motion to dismiss pursuant to Rule 12(b)(6), a court takes "all factual allegations set forth in the complaint ... as true and construed in the light most favorable to plaintiffs." Lee v. City of L.A., 250 F.3d 668, 679 (9th Cir. 2001).  However, only well-pleaded facts are given a presumption of truth. Iqbal, 556 U.S. at 679. Conclusory allegations – that is, allegations that "simply recite the elements of a cause of action" without supplying underlying facts to support those elements – are not "entitled to the presumption of truth." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

The Court may "consider certain materials – documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice – without converting [a] motion to dismiss into a motion for summary judgment." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).  "[I]t is proper for the district court to

'take judicial notice of matters of public record outside the pleadings' and consider them for purposes of the motion to dismiss." Mir v. Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988) (quoting MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986)).  The Court is also not required to "accept as true allegations that contradict matters properly subject to judicial notice...."  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

## IV.   PERTINENT ALLEGATIONS AND FACTS[1]

Brasier worked as an engineer and conductor for Union Pacific from 2004 to September 2016. (Filing No. 13, Amended Complaint ¶¶ 19-20, 26). Brasier alleges that he is disabled under the ADA, 42 U.S.C. § 12101 *et seq.* (*Id.* ¶ 33). Brasier claims that on September 21, 2016, Union Pacific issued "permanent work restrictions" that prohibited him from performing his job. (*Id.* ¶¶ 25-26). Brasier also alleges that at the same time Union Pacific issued the restrictions, it failed to provide him with a reasonable accommodation. (*Id.* ¶¶ 26, 53).

Brasier asserts he was a putative class member in Harris v. Union Pacific Railroad Co., No. 8:16-cv-381 (D. Neb.), a class action suit brought by Union Pacific employees alleging disability discrimination under the ADA. (Filing No. 13, Amended Complaint ¶¶ 2-3)  The Harris suit *only* asserted class-wide ADA claims for: (1) disparate treatment, (2) disparate impact, and (3) unlawful medical inquiry.  Harris, 329 F.R.D. 616 (D. Neb. 2019),

---

[1] Consistent with the standard, Union Pacific assumes all allegations in Plaintiff's Complaint are true solely for this motion.  Union Pacific concurrently answered Plaintiff's Complaint and denied many of said allegations in its Answer.

BRIEF IN SUPPORT OF MOTION TO DISMISS
4:21-CV-00065-MSA

rev'd, 953 F.3d 1030 (8th Cir. 2020); *see also* Harris Amended Complaint.[2] A failure to accommodate claim was brought by the six individual plaintiffs, but not asserted on behalf of the putative class. (Harris Amended Complaint, Ex. A, ¶¶ 159-63).

The district court certified the Harris class action in February 2019, but the Eighth Circuit reversed that decision in March 2020. (Filing No. 13, Amended Complaint ¶ 31). On April 10, 2020, Brasier filed a charge of discrimination with the EEOC. (*Id.* ¶ 28).

## V.   PLAINTIFF'S FAILURE-TO-ACCOMMODATE CLAIM IS TIME-BARRED

In Arizona, an ADA plaintiff must file an EEOC charge of discrimination within 300 days from the employer's alleged discrete employment act.   42 U.S.C. §§ 2000e-5, 12117(a);  Rush-Shaw v. USF Reddaway, Inc., 2013 WL 3455723, at *3 (D. Ariz. July 9, 2013) ("In Arizona, a 'deferral' state,' a plaintiff must file his or her charge with the EEOC no later than 300 days after the last date of discrimination."); Leon v. Danaher Corp., 2011 WL 13190172, at *7 (D. Ariz. June 29, 2011), report and recom'n adopted, 2011 WL 13190190 (D. Ariz. Aug. 31, 2011), aff'd, 474 F. App'x 591 (9th Cir. 2012) ("Under Title VII and the ADA, an Arizona plaintiff must file the charge of discrimination within 300 days of the alleged discriminatory act(s).").

Because an employer's alleged failure to accommodate an employee's disability is a discrete employment act, "any allegations of [an employer's] failure to accommodate [p]laintiff's disability which occurred before the 300-day window are time-barred." Zolfo

---

[2] Under Rule 201 of the Federal Rules of Evidence, Union Pacific requests that the Court take judicial notice of the Harris Amended Complaint, attached as Exhibit A.

v. Westminster Vill. Inc., 2020 WL 6290490, at *3 (D. Ariz. Oct. 27, 2020) (citing Hall v. Fluor Hanford, Inc., 2009 WL 10675273, at *2 (E.D. Wash. June 1, 2009) and Porter v. California Dept of Corr., 419 F.3d 885, 893 (9th Cir. 2005)); see also Cherosky v. Henderson, 330 F.3d 1243, 1244-1246 (9th Cir. 2003) (employees could not pursue accommodation claims where initial denial of accommodation occurred four years earlier and outside the applicable limitations period).

Brasier alleges that Union Pacific issued him work restrictions and failed to accommodate his disability on September 21, 2016. (Filing No. 13, Amended Complaint ¶¶ 25-26, 53). He therefore had 300 days—or until July 18, 2017—to file an EEOC charge of discrimination alleging a failure to accommodate. Because Brasier did not file his charge until April 10, 2020 (Id. ¶ 28), his failure to accommodate claim is untimely and should be dismissed.

## VI.    TOLLING CANNOT SAVE THE FAILURE-TO-ACCOMMODATE CLAIM

Tolling cannot salvage Brasier's belated failure-to-accommodate claim because no such claim was pled on a class-wide basis in Harris. Under the tolling doctrine announced in *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 554 (1974), the "commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." But a putative class member can only invoke American Pipe tolling as long as the claim was pled as part of the class action. Johnson v. Ry. Exp. Agency, Inc., 421 U.S. 454, 467 (1975) ("…[p]erhaps most importantly, the tolling effect given to the timely prior filings in American Pipe … depended heavily on the fact that ***those filings involved exactly the same***

*cause of action subsequently asserted*.") (emphasis added).

The Ninth Circuit has adopted this same principle and explained that "the tolling rule does not leave a plaintiff free to raise different or peripheral claims following denial of class status." Williams v. Boeing Co., 517 F.3d 1120, 1136 (9th Cir. 2008) (internal quotations and citation omitted) (finding that the statute of limitations was not tolled on a claim for compensation discrimination that was not raised in the complaint in the underlying class action). *See also* In re TFT-LCD (Flat Panel) Antitrust Litig., 2013 WL 254873, at *2 (N.D. Cal. Jan. 23, 2013) (finding American Pipe does not toll state claims not pleaded in the class action); In re Cathode Ray Tube (CRT) Antitrust Litig., 27 F. Supp. 3d 1015, 1021 (N.D. Cal. 2014) ("This holding comports with other post-American Pipe rulings, such as Johnson ..., in which the Supreme Court held that American Pipe tolling did not apply to a later-filed claim that was not identical to the earlier-filed class claims.").

Other jurisdictions have adopted the same approach. Zarecor v. Morgan Keegan & Co., 801 F.3d 882, 888 (8th Cir. 2015) (reasoning that a putative class member must separately pursue claims outside the scope of the class action because "the class action would not prosecute his different claim" and American Pipe tolling is limited to "claims filed in a later action that are the same as those pleaded in the putative class action."); Hutton v. Deutsche Bank AG, 541 F. Supp. 2d 1166, 1172 (D. Kan. 2008) ( "Further, the tolling in American Pipe is only available for the same claims asserted in the putative class action complaint, and is not to be abused by the assertion of claims that differ from those raised in the original class suit."); Aguilar v. Ocwen Loan Servicing, LLC, 2018 WL 949225, at *6 (N.D. Tex. Feb. 20, 2018) (holding American Pipe tolling did not apply to putative class

members' state-law claims that were not asserted in class action).

A federal court has already addressed this *exact* issue and held that <u>American Pipe</u> tolling did not apply to a <u>Harris</u> putative class member's failure-to-accommodate claim because the claim was not brought on behalf of the class.[3] <u>Krehbiel v. Union Pac. R.R. Co.</u>, 2019 WL 3387049, at *4 (D. Kan. July 26, 2019). In <u>Krehbiel</u>, the plaintiff opted out of the <u>Harris</u> putative class and filed an individual suit, asserting claims under the ADA for failure to accommodate, disparate treatment, and unlawful medical inquiry. <u>Krehbiel</u>, 2019 WL 3387049, at *1. The court noted that the <u>Harris</u> putative class raised claims for disparate treatment and unlawful medical inquiry, but did not assert a failure to accommodate claim. <u>Id.</u> at *4. The court therefore held that "[w]ithout a class action claim, there is no <u>American Pipe</u> tolling available to Plaintiff," and his failure to accommodate claim was "unexhausted and time-barred." <u>Id.</u>

The same is true here. Brasier was a putative class member in <u>Harris</u>, but the Amended Complaint in <u>Harris</u> did not raise a failure to accommodate claim on behalf of the putative class. (Ex. A, <u>Harris</u> Amended Complaint ¶¶ 159-63). The <u>Harris</u> class action therefore never tolled Brasier's failure-to-accommodate claim. The deadline for Brasier to file his EEOC charge was July 18, 2017, but he did not do so until April 10, 2020. His failure-to-accommodate claim is time-barred and should be dismissed.

## VII.   <u>CONCLUSION</u>

Because <u>American Pipe</u> tolling does not apply, and because Brasier filed his EEOC

---

[3] As noted in Section IV the six named plaintiffs in <u>Harris</u> brought individual failure to accommodate claims but did not do so on behalf of the class.

Baird Holm LLP
Attorneys At Law
Omaha

charge well after the 300-day window, the Complaint's failure-to-accommodate claim should be dismissed as untimely.

Dated: May 7, 2021

UNION PACIFIC RAILROAD COMPANY,
Defendant,

By: /s/ David P. Kennison

Scott Parrish Moore (*pro hac vice pending*)
David P. Kennison (*admitted pro hac vice*)
BAIRD HOLM LLP
1700 Farnam Street, Suite 1500
Omaha, NE 68102
Attorneys for Defendant

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 7, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant(s):

James H. Kaster
David E. Schlesinger
Lucas J. Kaster
NICHOLS KASTER, PLLP
4700 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
*kaster@nka.com*
*schlesinger@nka.com*
*lkaster@nka.com*

Attorneys for Plaintiff

Anthony S. Petru
Gavin Barney
HILDEBRAND MCLEOD & NELSON, LLP
250 Frank H. Ogawa Plaza, 4th Floor
Oakland, CA 94612
*petru@hmnlaw.com*
*barney@hmnlaw.com*

Attorneys for Plaintiff

/s/ David P. Kennison

DOCS/2609085.1

BAIRD HOLM LLP
ATTORNEYS AT LAW
OMAHA

- 8 -

BRIEF IN SUPPORT OF MOTION TO DISMISS
4:21-CV-00065-MSA