**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Brasier, | No. CV-21-00065-TUC-JGZ (MSA) |
| Plaintiffs, | **ORDER** |
| v. | |
| Union Pacific Railroad Company, | |
| Defendants. | |

Pending before the Court is a Report and Recommendation issued by Magistrate Judge Maria S. Aguilera. (Doc. 26.) Magistrate Judge Aguilera recommends that the District Court grant Defendant Union Pacific Railroad Company's Motion to Dismiss Plaintiff's failure-to-accommodate claim as time barred by the statute of limitations. Plaintiff filed an Objection, which incorporates the arguments from his response to the motion. (Docs. 27, 18.) Union Pacific responded. (Doc. 30.)

After an independent review of the parties' briefing and the record, the Court will adopt the Report and Recommendation, and grant Union Pacific's motion to dismiss Plaintiff's failure-to-accommodate claim.

## STANDARD OF REVIEW

When reviewing a magistrate judge's R&R, this Court "may accept, reject, or modify, in whole or in part the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United*

*States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Further, a party is not entitled as of right to de novo review of evidence or arguments which are raised for the first time in an objection to the report and recommendation, and the Court's decision to consider newly-raised arguments is discretionary. *Brown v. Roe*, 279 F.3d 742, 744 (9th Cir. 2002); *United States v. Howell*, 231 F.3d 615, 621-22 (9th Cir. 2000).

## BACKGROUND

In February 2021, Plaintiff Mark Brasier filed this individual action after the class action he was a member of was decertified. *See Harris v. Union Pac. R.R.*, 329 F.R.D. 616 (D. Neb. 2019), *rev'd*, 953 F.3d 1030 (8th Cir. 2020). In the underlying class action, which was filed in February 2016 (Doc. 16-1)[1], six representative Plaintiffs asserted, on behalf of the class, ADA claims for (1) disparate treatment, (2) disparate impact, and (3) unlawful medical inquiries. (*Id.* at 21-24.) Although the representative Plaintiffs also brought failure-to-accommodate claims, the class action complaint did not assert such claims on behalf of the class. (*Id.* at 4-8.)

## DISCUSSION

In this action, Plaintiff brings two of the same claims raised in the class action on behalf of the class, and a failure-to-accommodate claim. (Doc. 13.) Union Pacific does not dispute that the statute of limitations was tolled pursuant to *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 554 (1974), for the two claims raised on behalf of the class in the class action. Union Pacific argues, however, that tolling does not apply to Plaintiff's failure-to-accommodate claim because the class action complaint did not give Union

---

[1] The Court will grant Union Pacific's request for the Court to take judicial notice of the class-action *Harris* Complaint filed at Doc. 16-1. *See ASARCO, LLC v. Union Pac. R.R.*, 765 F.3d 999, 1008 n.2 (9th Cir. 2014) (noting that filings in other courts are "properly subject to judicial notice and thus may be considered on a Rule 12(b)(6) motion to dismiss").

- 2 -

Pacific fair notice of that claim.[2] (Doc. 19 at 5-6.)

For tolling to apply, the class action complaint must give notice to the "defendants . . . of the substantive claims." *American Pipe*, 414 U.S. at 555. A defendant will have fair notice of a claim if (1) the claim was pleaded as a cause of action in the class complaint, or (2) the factual allegations in the class complaint state a claim (even though the claim was not explicitly pleaded as a cause of action). *See Williams v. Boeing Co.*, F.3d 1120, 1131 (9th Cir. 2008) (looking to class complaint allegations to determine whether defendants had fair notice of claim not pleaded); *see also Fontana v. Haskin*, 262 F.3d 871, 877 (9th Cir. 2001) ("Specific legal theories need not be pleaded so long as factual averments show that the claimant may be entitled to some relief."). The tolling rule "should not be read . . . as leaving a plaintiff free to raise different or peripheral claims following denial of class status." *Crown*, 462 U.S. at 354-55 (concurring opinion).

The Magistrate Judge concluded that while the class complaint raised Union Pacific's failure to accommodate as an issue, it clearly limited that issue to the six named plaintiffs. The complaint did not, on behalf of the entire class or for each individual putative class member, raise a failure-to-accommodate claim or include factual allegations that would establish such a claim. The Magistrate Judge thus concluded that Union Pacific did not receive fair notice that Plaintiff's claim of failure-to-accommodate was within the subject matter of the class litigation and that *American Pipe* did not toll the statute of

---

[2] Although *American Pipe* concerned tolling of the statute of limitations, the Magistrate Judge concluded that class-action tolling also applies to toll the EEOC charge filing period, which is the deadline at issue in this case. (Doc. 26 at 4 (citing *Griffin v. Singletary*, 17 F.3d 356, 360-61 (11th Cir. 1994))). The Magistrate Judge further found that the parties implicitly agreed with that conclusion. Union Pacific does not object to this portion of the R&R. In this order, the Court will refer to the deadline for filing an EEOC charge as the statute of limitations, unless otherwise stated.

Applying *America Pipe* here, Plaintiff's failure-to-accommodate claim would be timely. Plaintiff was required to file a charge of discrimination with the EEOC within 300 days from Union Pacific's allegedly discriminatory act. *See Rush-Shaw v. USF Reddaway, Inc.*, 2013 WL 3455723, at *3 (D. Ariz. July 9, 2013). Plaintiff alleges that Union Pacific failed to accommodate his disability on September 21, 2016. (Doc. 13 at 7.) Because the class action was pending at that time, the filing time was tolled until March 2020, when the class was decertified. *See Tosti v. City of Los Angeles*, 754 F.2d 1485, 1488 (9th Cir. 1985) (noting that the statute of limitations is suspended from commencement of class action and until certification is denied). Plaintiff filed his claim with the EEOC on April 10, 2020. (Doc. 13 at 7.) Thus, if *American Pipe* tolling is applicable, Plaintiff's claim would not be time barred.

- 3 -

1 limitations for the failure-to-accommodate claim. *See American Pipe*, 414 U.S. at 555
2 (noting that a class complaint must notify the defendant of the "subject matter and size of
3 the prospective litigation"). Magistrate Judge Aguilera thoroughly analyzed the class
4 complaint and fully explained her reasoning in the Report.

5 The Court agrees with Magistrate Judge Aguilera's conclusion, and similarly
6 concludes that the class complaint neither alleged a failure-to-accommodate claim as a
7 cause of action on behalf of the entire class, nor alleged facts sufficient to establish such a
8 claim. Although the class complaint alleged that Union Pacific imposed restrictions on the
9 class and failed to accommodate the members, the class complaint failed to allege an
10 essential element of a failure-to-accommodate claim—that reasonable accommodations
11 were available. (*See* Doc. 28 at 4 (parties' Rule 26(f) Report citing *Snapp v. United*
12 *Transportation Union*, 889 F.3d 1088, 1095 (9th Cir. 2018) (stating elements to establish
13 a failure-to-accommodate claim))). Finally, the Court notes that every other district court
14 presented with this issue has similarly concluded that the class complaint did not give fair
15 notice of a failure-to-accommodate claim by putative class members like Plaintiff. *See*
16 *DeFries v. Union Pac. R.R. Co.*, 2021 WL 3007254 (D. Or. July 15, 2021); *Krehbiel v.*
17 *Union Pac. R.R. Co.*, 2019 WL 3387049 (D. Kan. July 26, 2019); *Blankinship v. Union*
18 *Pac. R.R. Co.*, 2021 WL 3290453 (D. Ariz. Aug. 2, 2021); *Donahue v. Union Pac. R.R.*
19 *Co.*, 2021 WL 2458351 (N.D. Cal. June 16, 2021); *Carrillo v. Union Pac. R.R. Co.*, 2021
20 WL 3023407 (W.D. Tex. July 16, 2021).
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

**CONCLUSION**

For the foregoing reasons,

**IT IS ORDERED** that the Report and Recommendation (Doc. 26) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (Doc. 15) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Failure-to-Accommodate Claim is **DISMISSED**.

Dated this 24th day of November, 2021.

Honorable Jennifer G. Zipps
United States District Judge